```
         IN THE UNITED STATES DISTRICT COURT FOR
        THE DISTRICT OF MARYLAND, NORTHERN DIVISION

                                *
DONALD SHONK,
                                *
     Plaintiff,
                                *
v.                                     CIVIL NO.: WDQ-07-0257
                                *
FOUNTAIN POWER BOATS, et al.,
                                *
     Defendants.
                                *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION

Donald Shonk has sued Fountain Powerboats, Inc. ("Fountain"), Yanmar America Corporation ("Yanmar"), Mercury Marine, a division of Brunswick Corporation[1] ("Mercury"), and Mack Boring & Parts Company ("Mack Boring") for violation of the Magnuson-Moss Warranty-Federal Trade Commission Improvement Act (the "MMWA"),[2] breach of express and implied warranties under the Sales title of Maryland's Uniform Commercial Code (the "UCC"),[3] and violation of the Maryland Consumer Protection Act (the "CPA").[4]

Pending are the following motions: (1) Mack Boring's motion

---

[1] Mercury is incorrectly named in the Complaint as "MerCruiser."
[2] Pub. L. 93-637, codified as 15 U.S.C. §§ 2301-2312.
[3] Md. Code Ann., Comm. Law §§ 2-101 to 2-725.
[4] Md. Code Ann., Comm. Law §§ 13-101 to 13-501.

1

to dismiss or, in the alternative, for summary judgment (Paper No. 10); (2) Yanmar's motion to dismiss (Paper No. 12); (3) Mercury's motion to dismiss (Paper No. 18); (4) Shonk's motion for extension of time to respond to Mack Boring's motion (Paper No. 19); (5) Shonk's motion to dismiss Mack Boring without prejudice (Paper No. 20); and (6) Shonk's motion for leave to file an amended complaint (Paper No. 23).

For the following reasons, Yanmar's and Mercury's motions to dismiss will be granted, Shonk's motion to dismiss Mack Boring will be granted, Mack Boring's motion and Shonk's motion for extension of time to respond will be denied as moot, and Shonk's motion for leave to file an amended complaint will be denied.

I.  Background

Shonk is a resident of Ashton, Maryland. Compl. ¶ 1. Fountain, Yanmar, Mercury, and Mack Boring are corporations that regularly conduct business in Maryland. *Id*. ¶¶ 2-5. Fountain is a North Carolina corporation with its principal place of business in Washington, North Carolina; Yanmar is an Illinois corporation with its principal place of business in Buffalo Grove, Illinois; Mercury is a Delaware corporation with its principal place of business in Stillwater, Oklahoma; and Mack

Boring is a New Jersey corporation with its principal place of business in Union, New Jersey.  *Id.*; Pet. for Removal (Paper No. 1) ¶¶ 1-4.

The few remaining factual allegations gleanable from the Complaint are obscured by Shonk's vague phrasing and indiscriminate use of "Defendant" to refer to one or more of the Defendants.

On August 5, 2005, Shonk "purchased or leased" a "38' Fountain Sport Fish Cruiser" for $427,455.58 in Maryland.  *Id.* ¶ 6-8.  Shonk avers that the vessel was "manufactured and warranted by the Defendant," and that "Defendant issued to [Shonk] one or more written warranties on particular items."  *Id.* ¶¶ 6.

Shook then "notified the Defendant and/or its Authorized Dealer(s) on one or more occasions, and/or formally notified the Defendant by letter of Plaintiff's present intention to revoke acceptance of the vehicle and requested the return of all funds paid toward the vehicle."  *Id.* ¶ 11.

The Complaint alleges that because of "ineffective repair attempts made by Defendant, through its authorized dealer(s), the vehicle cannot be utilized for the purposes intended at the time of acquisition and hence, the vehicle is worthless and/or substantially impaired."  *Id.* ¶ 9.

3

On or after December 19, 2006, Shonk sued the Defendants in the Circuit Court for Anne Arundel County, Maryland. *Id*. at 1, 8.

On January 29, 2007, the case was removed to this Court.

II.  Yanmar's and Mercury's Motions to Dismiss

II.A.  Standard of Review

II.A.1.  Motion to Dismiss for Failure to State a Claim

Under Federal Rule of Civil Procedure ("Rule") 12(b)(6), a motion to dismiss for failure to state a claim for relief should be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Mylan Laboratories, Inc. v. Raj Matkari, et al.*, 7 F.3d 1130, 1134 (4th Cir. 1993).

The court "should view the complaint in a light most favorable to the plaintiff," and "accept as true all well-pleaded allegations," *Mylan*, 7 F.3d at 1134; but the court is "not bound to accept as true a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), nor "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (citation and internal

4

quotation marks omitted).

II.A.2.  The Requirements of Notice Pleading

To state a claim for relief, Rule 8 requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a), to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Conley v. Gibson,* 355 U.S. 41, 47 (1957).

Although the notice-pleading requirements of Rule 8(a)(2) are "not onerous," the plaintiff must allege facts that support each element of his claim.  *Bass v. E.I. Dupont de Nemours & Co.,* 324 F.3d 761, 764-65 (4th Cir. 2003), *accord Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007).

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need *detailed* factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.

*Twombly*, 127 S.Ct. at 1965 (*quoting* Fed. R. Civ. P. 8(a)) (internal citations omitted) (emphasis added).  "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on

5

which the claim rests."  *Id.* at 1965 n.3.  Such "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Id*. at 1965 (*citing* C. Wright & A. Miller, Federal Practice and Procedure § 1216 (3d ed.2004) ("the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).

II.B.  Analysis

Yanmar and Mercury argue, *inter alia*, that the Complaint does not identify any product sold, manufactured, or warranted by Yanmar or Mercury, and thus fails to state a claim against them.

A claim for violation of the MMWA, UCC sales warranties, or the Maryland CPA must allege a "consumer product," "good," or "consumer good" manufactured, distributed, sold, supplied, or warranted by the defendant.  15 U.S.C. § 2301, 2310; Md. Code Ann., Comm. Law §§ 2-105, 2-313 to -315, 13-101, 13-301.

The only item identified in the Complaint is the "38' Fountain Sport Fish Cruiser," which, as the name indicates, is a vessel manufactured by Fountain.  Compl. ¶ 6.  Yanmar's and Shonk's briefs mention an exhaust hose, allegedly manufactured by Mercury, distributed by Yanmar to Mack Boring, and sold to

6

Fountain--but this hose is never mentioned in the Complaint. Yanmar's Mem. in Supp. of Mot. to Dismiss 5; Pl.'s Opp'n to Yanmar's Mot. 5.  Even Shonk's proposed amended complaint, submitted with his response to Yanmar's motion, fails to identify any product attributable to Yanmar or Mercury.

The factual allegations of the Complaint thus fail "to raise a right to relief above the speculative level" against either Yanmar or Mercury.  *Twombly*, 127 S.Ct. at 1965. Accordingly, Shonk's claims against them will be dismissed.


III.  Shonk's Motions to Dismiss and for Extension of Time, and
      Mack Boring's Motion to Dismiss or for Summary Judgment

Shonk moves to dismiss his claims against Mack Boring without prejudice.

Under Rule 41(a)(2), the court may grant a plaintiff's motion to dismiss an action against a defendant without prejudice "upon such terms and conditions as the court deems proper."  Fed. R. Civ. P. 41(a)(2).

As the motion is unopposed, it will be granted; and, accordingly, Mack Boring's motion to dismiss or for summary judgment, and Shonk's motion for extension of time to respond to Mack Boring's motion will be denied as moot.

IV.  Shonk's Motion for Leave to File an Amended Complaint

IV.A.  Standard of Review

Under Rule 15(a), after a responsive pleading has been served by the adverse party, a party may amend its pleading "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  "The law is well settled that leave to amend a pleading should be denied *only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro,* 178 F.3d 231, 242 (4th Cir. 1999) (internal quotation marks omitted).  "[T]o deny leave to amend. . . delay must be accompanied by prejudice, bad faith, or futility."  *Id*.

A proposed amendment to a complaint is futile if it would not withstand a motion to dismiss under Rule 12(b)(6).  *Classen Immunotherapies, Inc., v. King Pharmaceuticals, Inc.*, 403 F. Supp. 2d 451, 459 (D. Md. 2005) *see also Perkins v. United States*, 55 F.3d 910, 916-17 (4th Cir. 1995).

IV.B. Analysis

The proposed amendment seeks merely to pluralize the word "Defendant" wherever it appears in the Complaint.  As such, it

8

would fail to state a claim against either Yanmar or Mercury for the same reason as the original Complaint, thus rendering it futile.  Accordingly, the motion for leave to amend will be denied.

V.   Conclusion

For the reasons stated above, Yanmar's and Mercury's motions to dismiss will be granted, Shonk's motion to dismiss Mack Boring without prejudice will be granted, Mack Boring's motion and Shonk's motion for extension of time to respond will be denied as moot, and Shonk's motion for leave to file an amended complaint will be denied.

| | |
|---|---|
| _June 26, 2007_ <br> Date | ____/s/_____ <br> William D. Quarles, Jr. <br> United States District Judge |